MINTZ v. KURFEES.

---

JAMES ROSS MINTZ v. FRED KURFEES AND FARM EQUIPMENT COMPANY OF ASHEVILLE, INC., A CORPORATION.

(Filed 21 October, 1959.)

APPEAL by defendants from *Sharp, S. J.*, May, 1959 Special Term, of BUNCOMBE.

This is an action to recover for personal injuries and property damage suffered by plaintiff when the front of the automobile he was driving collided with the rear of a truck-trailer combination of the corporate defendant.

The collision occurred 25 September 1958 at 5 p.m. on old U. S. Highway No. 19-23 in a rural area of Buncombe County. At the point of collision the highway runs generally east and west. The individual defendant, employee of the corporate defendant, parked and left unattended the truck-trailer on the highway so that only a width of about 13 feet of the hard surface was unobstructed. At the point of the collision the highway is 18 feet wide with narrow shoulders and high embankments on each side. The vehicle was parked about 75 feet west of the crest of a hill. A gray colored farm tractor was mounted on the trailer.

Plaintiff's evidence in brief tends to show: He was driving westwardly at about 45 to 50 miles per hour. As he came to the crest of the hill his vision was somewhat impaired by the sun. He then saw the parked vehicle and its position, slackened his speed to about 40 miles per hour, started to the left to go around the truck-trailer, then saw a car approaching from the west, pulled back to the right and applied his brakes but was unable to stop his car before colliding with the trailer. He left 48 feet of tire marks.

Defendants' evidence in brief tends to show: The highway is straight for one mile to the east of the hill. There is a rise about two-

MINTZ *v.* KURFEES.

tenths of a mile to the east of the point of collision from which the top of the tractor-trailer could have been seen. The top of the parked vehicle could have been seen 200 feet before reaching the crest of the hill.

Issues of negligence, contributory negligence and damages were submitted to the jury. The jury's verdict was favorable to plaintiff on all issues.

From judgment conformable to the verdict defendants appealed and assigned error.

*Williams & Williams for plaintiff, appellee.*
*Meekins, Packer & Roberts for defendants, appellants.*

PER CURIAM. Defendants make twenty-four assignments of error. Each of these has been carefully considered. The pleadings and the evidence adduced in support thereof make a case for the jury. The case was submitted to the jury upon instructions conforming to settled principles of law. The jury has resolved the issues in favor of the plaintiff. In the trial of the cause we find no prejudicial error.

No error.

HIGGINS, J., not sitting.